Ira J. Nasserian, Esq.    CSB# 225380
12 Cypress Way
Rolling Hills Estates, CA 90274
Phone: (310) 337-7900
Email: inasserian@lawinscal.com

Attorney for Plaintiff Persian Broadcast Service Global, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES, CALIFORNIA

| | |
|---|---|
| PERSIAN BROADCAST SERVICE GLOBAL INC., a California corporation <br><br> Plaintiff. <br><br> v. <br><br> EUGENE SCALIA, in his capacity as United States Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR, MAJID VARESS <br><br> Defendants | Case No.: |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURES ACT**

Immigration Case. Administrative Procedure Act Case

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff is a Farsi language television station broadcasting news and entertainment content from its studio in Los Angeles county. Plaintiff applied for a E-3 nonimmigrant visa for Majid Varess in September 2011. This visa was approved and Varess entered the United States to work for Plaintiff until September 2013. During this period Varess left the United States voluntarily on several occasions. When Varess's E-3 visa expired on September 12, 2013, he did not attempt to renew it nor return to the United States although he sporadically continued to perform work for Plaintiff under separate agreements. In February 2015, Varess filed a complaint for back wages against Plaintiff with the U.S, Department of Labor. After prolonged litigation with Plaintiff first prevailing and later, having those decisions reversed, Plaintiff now seeks intervention of this Court to protect its interests.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. § 702, the Administrative Procedure Act ("APA").

3. Venue is proper under 28 U.S.C. § 1391(e) and 5 U.S.C. § 703.

## PARTIES

4. Plaintiff Persian Broadcast Service Global, Inc. is a California corporation in good standing in that State and the owner and operator of a Farsi-language television station that originally filed for and received E-3 nonimmigrant status for Defendant Majid Varess in 2011.

5. Defendant Eugene Scalia is the Secretary of Labor and charged with the supervision and management of all decisions and actions within U. S. Department of Labor (DOL). Plaintiff sues Secretary Scalia in his official capacity.

6. Defendant DOL is an agency of the United States within the meaning of the Administrative Procedure Act (APA). DOL is responsible for issuing labor condition attestations in connection with employer petitions for authorization to employ E-3 workers, and enforcing compliance with labor-related conditions of the H-2B program, including the payment of lawfully compliant wages, 8 C.F.R. § 214.2(h)(6)(ix); 29CFR pt. 503.

7.Defendant Majid Varess is a citizen and national of Australia who has, in the past, entered the United States under E-3 nonimmigrant visa classification to perform temporary work for Plaintiff.

## LEGAL BACKGROUND

8.The E-3 program, enacted on May 11, 2005, applies to employers seeking to hire nonimmigrant aliens from Australia as workers in specialty occupations. 8 U.S.C. Section 101 (a)(15)€(iii). The E-3 program is governed by the labor certification standards that apply to H-1B and H-1B1 programs. The E-3 visa classification is limited to 10,500 nationals of Australia. The period of employment is up to a maximum of two years. Renewals beyond the two-year period for the E-3 visa will require the filing of a new Labor Condition Application.

9.To hire E-3 workers, an employer must file and comply with the labor condition application (LCA) requirements of 8 U.S.C. Section 1182(t)(1)from the U.S. Department of Labor. The application outlines the position's title, salary, location, period of employment, and the determination method of the prevailing wage and requires the employer to affirm that it will pay the E-3 employee at least the prevailing wage for the entire period of that employee's employment.

## FACTUAL BACKGROUND

10.Plaintiff petitioned for and received approval of E-3 nonimmigrant status for Defendant Varess in September 2011 for Varess to enter the United States and produce sports entertainment programming for Plaintiff's televised broadcasts for a period of 2 years ending on September 12, 2013 for an annual salary of $45,000.00.

11.Varess entered the United States under his newly approved E-3 visa on November 23, 2011 and commenced working for Plaintiff until August 19, 2012, when he chose to leave the United States.

12.Varess returned to the United States on October 17, 2012 and worked for Plaintiff until January 14, 2013 when he once again departed the United States for four months before returning on May 17, 2013.

13.Varess once again left the United States on July 14, 2013, returning on September 3, 2013.

14.During this period of his multiple absences from the United States, Varess was not

working for Plaintiff, did not travel at Plaintiff's request or for business reasons related to Varess's employment with Plaintiff, and made these trips on his own volition.

15. With his E-3 visa stay expiring soon, Varess presented Plaintiff with a second labor condition application prepared by Varess's attorney which Plaintiff's executive officer signed on September 4, 2013 requesting an additional 2-year renewal of Varess's E-3 visa until September 2015.

16. With this signed LCA, Varess voluntarily departed the United States on November 16, 2013 for the purpose of renewing his E-3 visa at the American diplomatic post in his home country of Australia.

17. While in Australia, Varess changed his mind and decided that he did not wish to return to the United States and therefore, did not pursue obtaining a new E-3 visa.

18. While abroad, Varess and Plaintiff entered into an independent contractor's agreement with Plaintiff wherein he sporadically produced programming and content for Plaintiff.

19. Varess never entered the United States after departing on November 16, 2013 on any visa, including E-3 where Plaintiff was the petitioner/employer.

## PROCEDURAL HISTORY

20. On February 5, 2015, nearly one and one half years after voluntarily deciding to leave the United States and never return, Varess filed a complaint with the U.S. Department of Labor, Wage and Hour Division (WHD) alleging that Plaintiff had failed to pay him LCA specified wages under the first and second LCA's.

21. The WHD then conducted a thorough investigation and reached the conclusion On March 28, 2016 that Plaintiff had not committed any wage violations and did not owe Varess any wages.

22. Varess appealed the WHD's decision to the U.S. Department of Labor's Office of Administrative Law Judges (OALJ) on April 11, 2016.

23. On December 11, 2017, after a full evidentiary hearing, Judge Christopher Larson (the ALJ) issued an order denying relief to Varess for two alternative bases-first that Varess had not shown that Plaintiff was obligated to pay him and, second, that Varess's complaint was untimely filed.

24. Judge Larson subsequently modified the order/decision on December 14, 2017 by writing that he had not actually reached a final decision as to whether Varess's filing of his complaint was

timely.

25. On January 11, 2018, Varess, through counsel, filed a petition for review with the U.S. Department of Labor's Administrative Review Board (ARB).

26. The ARB issued a decision on September 26, 2019 reversing and remanding Varess's case to the ALJ with instructions to "make finding of facts concerning the timeliness of Complainant's complaint and a computation of damages".

27. On October 30, 2019, the ALJ issued a new decision and order finding the complaint to be timely filed and ordering Plaintiff to pay back wages in the amount of $183,794.

28. Plaintiff appealed the ALJ's decision to the ARB, arguing that the ALJ's position that Varess's complaint was timely filed was in error and that the amount of damages computed was in error.

29. On July 14, 2020 the ARB summarily affirmed the October 30, 2019 decision in favor of Varess.

30. Plaintiff has exhausted all available administrative remedies.

## FIRST CAUSE OF ACTION

### Agency Action Arbitrary, Capricious, and Contrary to Law – 5 U.S.C. § 706(2) as to finding that complaint was timely filed

31. Plaintiff re-alleges and incorporated herein by reference, as if fully set forth herein, the allegation in paragraphs 1-30 above.

32. The APA requires this Court to hold unlawful and set aside any agency action that is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

33. Here, Defendants acted arbitrarily, capriciously, and contrary to law in violation of the APA in finding that Varess's complaint was timely filed by ignoring substantial evidence presented by Plaintiff, including Defendant Varess's own testimony that he voluntarily ended his employment relationship with Plaintiff on or about late November of 2013 thereby removing any responsibility or liability on Plaintiff's part to pay wages on or after that date  with the result being that Varess's complaint, filed on February 5, 2015, was filed some 14 months after the voluntary termination by

Varess and thus outside of the 12 month limit for filing . 8 C.F.R. Section 655.806(a)(5).

34. Defendants' finding that a payment made by Plaintiff to Varess on July 11, 2014 actually was the date for the start of the "clock" for the filing statute is in clear error and related to payments due and owing from either the first period of E-3 employment (September 2011 to September 2013) or for independently contracted work performed by Varess abroad.

## SECOND CAUSE OF ACTION

### Agency Action Arbitrary, Capricious, and Contrary to Law – 5 U.S.C. § 706(2) as to any calculation of back wages owed Varess

35. Defendants' characterization of the actual responsibility of Plaintiff to pay Varess for a period between September 2013 and September 2015 is a complete misinterpretation of the laws of U.S. immigration wherein they identify the Plaintiff's signing of a second LCA as the defining time when Plaintiff becomes liable to make these payments to Varess when both statutory and caselaw designates the actual entry of Varess into the United States under E-3 status as the time when any employment relationship starts.

36. Due to this clear error, Defendant calculated that plaintiff was liable to pay Varess $90,000 for the "duration of the second LCA" (September 12, 2013 to September 12, 2015) even for "nonproductive time".

37. Even the LCA only imposes liability and responsibility on Employers with regards to "nonimmigrant workers" who are only eligible to be considered nonimmigrant workers when they are legally admitted by governmental authorities at a port of entry with the appropriate visa permitting employment in the United States and Varess testified that he never even attempted to renew his E-3 visa beyond its expiration date of September 12, 2013.

38. The fact that an Immigration officer mistakenly admitted Varess on September 3, 2013 for a period of 2 years, without a new visa valid to that date or even a signed second LCA did not render Varess a legal nonimmigrant worker beyond the date of September 12, 2013 and his failure to renew his visa AND return to the United States invalidates any characterization of Varess as a nonimmigrant worker after his departure in November 2013.

39. As Defendant DOL's calculation of back pay was based upon this erroneous application of the laws concerning employment and immigration, it is clearly is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power,

privilege, or immunity; [or] (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Accept jurisdiction over this action.

(2) Reverse the U.S. Department of Labor's decision and find that the complaint was not timely filed

(3) In the alternative, remand the action to the DOL to calculate back wages consistent with the statute and caselaw.

(3) Grant reasonable attorneys' fees and costs as provided under the Equal Access to Justice Act and the APA.

(4) Grant such further relief as the Court deems just and proper.

Dated: 11/12/2020

Respectfully submitted,

Ira J. Nasserian, Esq.
12 Cypress Way
Rolling Hills Estates, CA 90274
Phone: (310) 337-7900
Email: inasserian@lawinscal.com