TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
MATTHEW J. SMOCK (Cal. Bar No. 293542)
Assistant United States Attorney
Federal Building, Suite 7516
300 North Los Angeles Street
Los Angeles, California 90012
Telephone: (213) 894-0397
Facsimile: (213) 894-7819
E-mail: Matthew.Smock@usdoj.gov

Attorneys for Defendants Martin J. Walsh and United States Department of Labor

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

PERSIAN BROADCAST SERVICE GLOBAL INC., a California corporation,

Plaintiff,

v.

MARTIN J. WALSH, et al.,

Defendants.

No. 2:21-cv-00229-CAS (GJSx)

**DEFENDANTS' STATEMENT OF UNCONTROVERTED MATERIAL FACTS, RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS, AND PROPOSED CONCLUSIONS OF LAW**

Hearing Date: February 7, 2022
Hearing Time: 9:00 a.m.
Location: U.S. Courthouse
350 W. 1st St.
Courtroom 8D
Los Angeles, CA 90012

Hon. Christina A. Snyder

Pursuant to Local Rules 56-1 and 56-2, Defendants hereby submit the following Statement of Uncontroverted Material Facts in support of Defendants' Cross-Motion for Summary Judgment, and Response to Plaintiff's Statement of Uncontroverted Facts (ECF No. 29-1) in opposition to Plaintiff's Motion for Summary Judgment.

**DEFENDANTS' STATEMENT OF UNCONTROVERTED FACTS**

| **Facts** | **Supporting Evidence** |
| --- | --- |
| 1. Persian Broadcast Global, Inc. ("Persian"), a California corporation, operates Pars TV, a Farsi-language television station that serves the Persian community. | Certified Administrative Record ("CAR") 296 (ECF No. 22-4 at 1) ¶ 1; CAR 537-38 (ECF No. 22-6 at 42-43). |
| 2. Persian's president and chief operating officer is Amir Shadjareh. | CAR 296 (ECF No. 22-4 at 1) ¶ 2; CAR 537, 568 (ECF No. 22-6 at 42, 73). |
| 3. Majid Varess is an Australian national of Iranian origin who has worked since 1974 as a sports producer and reporter. | CAR 296 ¶ 3, 357-58, 392 (ECF No. 22-4 at 1 ¶ 3, 62-63, 97). |
| 4. In 2011, at the age of 61, Varess came to the United States to work for Persian on an E-3 visa. | CAR 296 ¶ 5, 390 (ECF No. 22-4 at 1 ¶ 5, 95). |
| 5. Financial costs Varess incurred associated with relocating to the United States included airfare; rent payments in Australia and the United States; and furniture, appliances, and other expenses in | CAR 405-06 (ECF No. 22-5 at 10-11). |

| | |
|---|---|
| the United States. | |
| 6. Varess's family lives in Australia. | CAR 391-92 (ECF No. 22-4 at 96-97); CAR 405 (ECF No. 22-5 at 10). |
| 7. Despite these drawbacks and his own health problems, Varess viewed the position with Persian as a unique late-career opportunity to broadcast sports worldwide in Farsi for a station that shared his opposition to the Iranian regime. | CAR 390-91 (ECF No. 22-4 at 95-96); CAR 407 (ECF No. 22-5 at 12). |
| 8. To employ Varess, Persian filed a Labor Condition Application ("LCA") with the Department of Labor ("DOL") in September 2011. | CAR 296 ¶ 4, 341-346 (ECF No. 22-4 at 1 ¶ 4, 46-51). |
| 9. The LCA indicated that Persian would be employing a "TV producer and reporter," that the prevailing wage rate for this position was $44,013 per year, and that Varess would be paid $45,000 per year. | CAR 342, 344 (ECF No. 22-4 at 47, 49). |
| 10. DOL approved the LCA for a period from September 12, 2011 to | CAR 296 ¶ 4, 346 (ECF No. 22-4 at 1 ¶ 4, 51). |

| | |
|---|---|
| September 12, 2013. | |
| 11. Varess obtained a visa with an expiration date of September 12, 2013, entered the United States on November 23, 2011, and began working for Persian. | CAR 296 ¶ 5, 353 (ECF No. 22-4 at 1 ¶ 5, 58). |
| 12. During Varess's employment with Persian, he hosted and produced sports programs. | CAR 296 ¶ 5, 357 (ECF No. 22-4 at 1 ¶ 5, 62). |
| 13. Varess estimated that during his employment with Persian, he worked between 60 and 70 hours per week, whether he was working from the United States or from elsewhere. | CAR 475-76 (ECF No. 22-5 at 80-81). |
| 14. Varess worked for Persian both in the United States and from other locations around the world, and left the United States and returned several times. | CAR 296-97 ¶¶ 6-12 (ECF No. 22-4 at 1-2 ¶¶ 6-12); CAR 421 (ECF No. 22-5 at 26). |
| 15. Varess reported from England during the Wimbledon tennis tournament, reported on soccer matches from England and Ireland, | CAR 421-22, 451-52 (ECF No. 22-5 at 26-27, 56-57). |

| | |
|---|---|
| and also reported from Belgium, France, and Australia. | |
| 16. Varess hoped to broadcast the 2014 World Cup soccer tournament, in which Iran participated, from Brazil. | CAR 443, 456-59 (ECF No. 22-5 at 48, 61-64). |
| 17. To perform his duties overseas, Varess uploaded his shows using the internet, and Persian broadcast them via satellite. | CAR 421-22, 452-53, 475 (ECF No. 22-5 at 26-27, 57-58, 80). |
| 18. Shadjareh supported Varess's efforts to broadcast overseas. | CAR 475 (ECF No. 22-5 at 80). |
| 19. In August 2013, Persian filed a second LCA to continue Varess's employment. | CAR 297 ¶ 11, 347-52 (ECF No. 22-4 at 2 ¶ 11, 52-57). |
| 20. The second LCA listed the prevailing wage rate as $59,384 and stated that Varess would be paid an annual salary of $60,000. | CAR 350 (ECF No. 22-4 at 55). |
| 21. On August 30, 2013, DOL approved the second LCA for a period from September 12, 2013 to | CAR 297 ¶ 11, 352 (ECF No. 22-4 at 2 ¶ 11, 57). |

| | |
|---|---|
| September 12, 2015. | |
| 22. When Varess entered the United States on September 3, 2013 after temporarily departing in July 2013, the Department of Homeland Security's Customs and Border Protection ("CBP") admitted him for an additional two years until September 2, 2015. The CBP officer at the airport told him he could remain and work in the United States. | CAR 297 ¶ 12, 354, 367 (ECF No. 22-4 at 2 ¶ 12, 59, 72); CAR 445-46 (ECF No. 22-5 at 50-51). |
| 23. Varess continued working for Persian in the United States until November 16, 2013. | CAR 359-66 (ECF No. 22-4 at 64-71) (sample programs produced by Varess from November-September 2013); CAR 573-74 (ECF No. 22-6 at 78-79). |
| 24. On November 16, 2013, Varess left the United States and traveled to Australia. | CAR 297 ¶ 13 (ECF No. 22-4 at 2 ¶ 13); CAR 399 (ECF No. 22-5 at 4). |
| 25. Prior to Varess's departure in November 2013, Shadjareh signed a letter to the United States Consulate in Sydney, Australia in support of Varess's application to | CAR 356-58 (ECF No. 22-4 at 61-63); CAR 409-10 (ECF No. 22-5 at 14-15); CAR 577-78 (ECF No. 22-6 at 82-83). |

| | |
|---|---|
| renew his E-3 visa, stating that Persian desired to continue employing him at a salary of $60,000 per year. | |
| 26. Varess initially intended to renew his visa in Australia. | CAR 413, 441-43, 456-57 (ECF No. 22-5 at 18, 46-48, 61-62). |
| 27. Varess ultimately did not renew his visa, due largely to Persian's failure to pay him, and did not return to the United States after November 16, 2013. | CAR 297 ¶ 13 (ECF No. 22-4 at 2 ¶ 13); CAR 441-43 (ECF No. 22-5 at 46-48). |
| 28. Varess continued to work for Persian from overseas until July 14, 2014. | CAR 394 (ECF No. 22-4 at 99); CAR 415, 417, 452-53, 482 (ECF No. 22-5 at 20, 22, 57-58, 87). |
| 29. Throughout Varess's employment, Persian paid him irregularly and sporadically in amounts between $300 and $2,300, for a total of approximately $20,000. | CAR 319-337 (exhibit showing Persian's check copies, tax forms, and an internal report), 393-96 (ECF No. 22-4 at 24-42, 98-100; ECF No. 22-5 at 1); CAR 415-16 (ECF No. 22-5 at 20-21); CAR 824 (ECF No. 22-9 at 29). |
| 30. Varess brought up issues regarding his wages with Shadjareh and Persian, who would respond that the station was having financial | CAR 393-94 (ECF No. 22-4 at 98-99). |

| | |
|---|---|
| difficulties and promise to pay him at a later date. | |
| 31. Varess continued to work for Persian despite these payment issues because he had invested considerably in the position, and because he wanted to preserve his professional reputation and to work for a company opposed to the Iranian regime. | CAR 405-07, 437-38 (ECF No. 22-5 at 10-12, 42-43). |
| 32. On July 11, 2014, in response to an inquiry from Varess about his wages, Shadjareh told Varess, via text message, that he could no longer afford to pay him. | CAR 370-72 (ECF No. 22-4 at 75-77); CAR 417 (ECF No. 22-5 at 22). |
| 33. Varess did not perform any more work for Persian after July 14, 2014. | CAR 421, 482 (ECF No. 22-5 at 26, 87). |
| 34. Varess did not interpret Shadjareh's July 11, 2014 message as a notice of termination. | CAR 424 (ECF No. 22-5 at 29). |
| 35. On February 5, 2015, Varess, through counsel, filed a written complaint with DOL's Wage and | CAR 297 ¶ 14, 307-13 (ECF No. 22-4 at 2 ¶ 14, 12-18). |

| | |
|---|---|
| Hour Division, alleging that Persian failed to pay him the required wage. | |
| 36. Varess's written complaint referred to an earlier telephonic complaint made on December 9, 2014. | CAR 297 ¶ 14, 307 (ECF No. 22-4 at 2 ¶ 14, 12). |
| 37. WHD investigated the complaint and issued a determination on March 28, 2016 finding no violations. | CAR 1-2 (ECF No. 22-1 at 6-7); CAR 297 ¶ 15 (ECF No. 22-4 at 2 ¶ 15). |
| 38. Varess requested a hearing before an administrative law judge ("ALJ"). | CAR 3-4 (ECF No. 22-1 at 8-9). |
| 39. The ALJ denied relief to Varess on December 14, 2017, finding that notwithstanding the LCAs, Varess was not an employee of Persian entitled to a salary. | CAR 640-51 (ECF No. 22-7 at 45-56). |
| 40. Varess appealed the ALJ's decision to the ARB. | CAR 652-727 (ECF No. 22-7 at 57-100, ECF No. 22-8 at 1-32). |
| 41. On September 26, 2019, the ARB reversed the ALJ, concluding that Persian was required to pay Varess | CAR 808-19 (ECF No. 22-9 at 13-24). |

| | |
|---|---|
| the wages specified in the LCAs. The ARB remanded the case to the ALJ for determinations on the timeliness of Varess's complaint and on any damages owed. | |
| 42. On October 30, 2019, the ALJ issued a decision on remand concluding that Varess's complaint was timely filed and that Persian owed Varess $183,794 in back wages plus pre- and post-judgment interest. | CAR 822-27 (ECF No. 22-9 at 27-32). |
| 43. On November 26, 2019, Persian appealed the ALJ's decision on remand to the ARB. | CAR 828-908 (ECF No. 22-9 at 33-100; ECF No. 22-10 at 1-13). |
| 44. On July 14, 2020, the ARB affirmed the ALJ's decision on remand. | CAR 973-78 (ECF No. 22-10 at 78-83). |
| 45. Persian has not paid the amount it owes Varess pursuant to the ARB's final order. | Federal Defendants' Answer and Counterclaim at 13 ¶ 28 (ECF No. 11 at 14 ¶ 28); Plaintiff's Answer to Defendants' Counterclaim at 4 ¶ 28 (ECF No. 12 at 4 ¶ 28). |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF UNCONTROVERTED FACTS

| **Plaintiff's Proffered Uncontroverted Facts and Supporting Evidence** | **Response** |
|---|---|
| 1. Plaintiff, Persian Broadcast Service Global, Inc. (hereinafter, "Plaintiff" or "Pars TV"), is a legal entity incorporated under the laws of the State of California. Certified Administrative Record (CAR) Page 296, #1. | Undisputed. |
| 2. Amir Shadjareh is the President of Pars TV. CAR Page 296, #2. | Undisputed. |
| 3. Defendant, Majid Varess (hereinafter, "Varess"), is a national of Australia, where he currently resides. CAR Page 296, #3. | Undisputed. |
| 4. In September 2011, Plaintiff filed an application for labor certification (LCA) with the Department of Labor (DOL) on behalf of Varess. The LCA was approved with a validity date of September 12, 2011, to September 12, 2013, at an annual Wage Rate of $45,000. CAR Page 296, #4. | Undisputed. |
| 5. On November 23, 2011, Varess | Undisputed. |

| | |
|---|---|
| entered the U.S. on an E-3 visa and commenced working for Plaintiff as a Pars TV television producer of content) and reporter from the U.S. CAR Page 296, #5. | |
| 6. Varess departed the U.S. on August 19, 2012. CAR Page 296, #6. | Undisputed. |
| 7. Varess returned to the U.S. on October 17, 2012. CAR Page 296, #7. | Undisputed. |
| 8. Varess departed the U.S. on January 14, 2013. CAR Page 296, #8. | Undisputed. |
| 9. Varess returned to the U.S. on May 17, 2013. CAR Page 296, #9. | Undisputed. |
| 10. Varess departed the U.S. on July 14, 2013. During these periods outside the U.S., Varess produced and solo hosted sports programs for Pars TV. CAR Page 296, #10. | Undisputed. |
| 11. In August 2013, Plaintiff filed a second LCA with the DOL on behalf of Varess at an Annual Wage Rate increased by 33.3% to $60,000, on the stated "Basis" of "Continuation of previously approved employment without | Undisputed. |

| | |
|---|---|
| change with the same employer." CAR Page 296, #11. | |
| 12. The second LCA was approved with a validity date of September 12, 2013 to September 12, 2015. CAR Page 296, #11. | Undisputed. |
| 13. On September 3, 2013, Varess returned to the U.S. and was admitted for stay until September 2, 2015. CAR Page 296, #12. | Undisputed. |
| 14. Both Varess's original LCA and E-3 visa stamp expired on September 12, 2013. CAR Pages 55-60 and Page 74. | Defendant does not dispute that Varess's original LCA and E-3 visa expired on September 12, 2013, or that the stamp on Varess's visa when he originally entered the United States permitted him to stay in the United States until September 12, 2013. Defendants clarify that the stamps on Varess's visa were made by the Department of Homeland Security's Customs and Border Protection. CAR 74 (ECF No. 22-1 at 79). |
| 15. On November 16, 2013, Varess departed the U.S., and has not returned. CAR Page 296, #13. | Undisputed. |
| 16. Varess never attempted to obtain a new E-3 visa after his departure of November 16, 2013. CAR Page | Disputed in part. Defendants do not dispute that Varess never renewed his E-3 visa or obtained a new E-3 visa after |

| | |
|---|---|
| 440, Lines 19-25. | departing the United States on November 16, 2013. Defendants dispute that Varess never "attempted" to do so. Varess testified that he paid a fee for an application for visa renewal, CAR 466 (ECF No. 22-5 at 71), and that he initially attempted to renew the visa, including requesting for an appointment at the U.S. Consulate in Sydney, but postponed the appointment because Persian was not paying him, and eventually withdrew his application. CAR 441-42 (ECF No. 22-5 at 46-47). |
| 17. On February 5, 2015, Varess filed a written complaint against Plaintiff with the Wage and Hours Division (WHD) of the DOL which refers to a complaint on his behalf made by phone on December 9, 2014. CAR Page 296, #14. | Undisputed except to clarify that WHD stands for "Wage and Hour Division." |
| 18. On March 18, 2015, Varess submitted to DOL a completed Nonimmigrant Worker Information Form WFI-4 describing the claimed wage and other violations, including but not limited to claimed constructive termination in July | Undisputed. |

| | |
|---|---|
| 2014. CAR Page 296, #14. | |
| 19. On March 28, 2016, the WHD concluded that Plaintiff had not committed any wage violations as to Varess. CAR Page 296, #15. | Undisputed. |
| 20. At no point prior to July 14, 2014, did Plaintiff notify the DOL of termination of Varess's employment under 20 C.F.R. §655.731, subsection(c)(7)(ii) (see also 8 C.F.R. §214.2, subsection (h) (1 l)(i)(A). CAR Page 296, #16. | Undisputed. |

**DEFENDANTS' PROPOSED CONCLUSIONS OF LAW**

1. The ARB's decision awarding Majid Varess $183,794 in back wages plus pre- and post-judgment interest due to Persian Broadcast Global, Inc.'s violations of the Labor Condition Application ("LCA") requirements of the E-3 provisions of the Immigration and Nationality Act ("INA") was supported by substantial evidence, was reasonable and in accordance with law, and does not meet the criteria under which this Court may set aside agency action under the Administrative Procedure Act, 5 U.S.C. § 706(2).
2. Pursuant to its authority to enforce the LCA requirements of the INA, Defendants are entitled to a judgment from this Court enforcing the ARB's order and ordering the payment of back wages and interest to Varess.
3. Pursuant to the ARB's decision, Varess is entitled to interest until the date of any judgment in this Court at the rate specified in 26 U.S.C. § 6621(a)(2). Varess is also entitled to interest after the date of the entry of judgment in this Court at the rate prescribed by 28 U.S.C. § 1961(a).

Dated: December 13, 2021

Respectfully submitted,

TRACY L. WILKISON
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

/s/ Matthew J. Smock

MATTHEW J. SMOCK
Assistant United States Attorney

Of counsel:
Jennifer S. Brand, Associate Solicitor
Jonathan Kronheim, Counsel for Trial Litigation
Jesse Z. Grauman, Senior Attorney
U.S. Department of Labor
Office of the Solicitor
Fair Labor Standards Division
200 Constitution Avenue NW
Room N-2716
Washington, D.C. 20210

Attorneys for Defendants